IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA OLICIA<br><br>*Plaintiff,*<br><br>V.<br><br><br>THE METHODIST HOSPITAL D/B/A THE METHODIST HOSPITAL SYSTEM, HOUSTON METHODIST THE WOODLANDS HOSPITAL<br>*Defendants .* | § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br>CIVIL ACTION NO. 4:21-CV-01184<br><br><br><br>(Jury Trial Demanded) |

**PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Amanda Olicia, hereinafter referred to as Plaintiff, complaining of and about The Methodist Hospital; d/b/a The Methodist Hospital System, and Houston Methodist The Woodlands Hospital hereinafter referred to as Defendants, and for cause of action shows unto the Court the following:

**I.     INTRODUCTION**

1.      This is an action under §161.134 of the Texas Health and Safety Code, the Texas

Commission on Human Rights Act ("TCHRA"), Title VII of the Civil Rights Act of 1964,

and the Family Medical Leave Act for Defendants' unlawful employment practices on the basis of gender, reports of actual and suspected violations of law, retaliation, and interference of the Family Medical Leave Act FMLA under 29 U.S.C § 2615(a)(1).

## II. PARTIES

2. Plaintiff, Amanda Olicia is an individual, who is a citizen of the State of Texas, and and who was at all times relevant hereto was a resident of Harris County, Texas.

3. Defendants, The Methodist Hospital; d/b/a The Methodist Hospital System, Houston Methodist The Woodlands Hospital is a Texas corporation conducting business in Texas. Defendants are an employer within the meaning of the applicable statutes and employs more than fifteen regular employees. Defendants may be served through its registered agent, C T Corporation System at 1999 Bryan St. Ste. 900 Dallas, Texas 75201-3136, or wherever agent may be found.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 29 U.S.C § 2615(a)(1) the Family Medical Leave Act.

5. This Court has supplemental jurisdiction over this civil action pursuant to 28 U.S.C. § 1367(a), over actions arising under §161.134 of the Texas Health and Safety Code, and the Texas Commission on Human Rights Act ("TCHRA"), because the claims under these

statutes form part of the same case or controversy as claims in the action within this Court's original jurisdiction.

6. This Court has jurisdiction over Defendants because Defendants is a company formed under Texas law and Defendants has purposefully availed itself to the privilege of conducting business in the state of Texas. Defendants conduct business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7. The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendants operated within this judicial district at all relevant times to the events giving rise to this suit.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. In June of 2021 Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). In the charge Plaintiff asserted that Defendants retaliated and discriminated against her because of her gender.

9. Plaintiff files this Amended Complaint within 90 days of receiving the Right to Sue notice from the EEOC.

## V. FACTS

10. Plaintiff is a female over the age of forty (40) and was employed as a Magnetic Resonance Imaging ("MRI") Technologist with Defendants on or around 2014.

11. While employed with Defendants, Plaintiff took the initiative to become a Licensed Magnetic Response Safety Officer ("MRSO").

12. On or around October 2017, when Plaintiff first became employed, she worked at the Houston Methodist Willowbrook ("Willowbrook") location. Plaintiff received a Department and Hospital Employee of the Month for "An Outstanding Performance, Service and Dedication".

13. Plaintiff was recognized as a "game changer", and was known to "help to create a chain of common for patients with implants, while ensuring the proper policies and procedures for MRI safety [were] enforced."

14. On or around April 2019, Plaintiff began working at Houston Methodist The Woodlands ("Woodlands") location.

15. A few months later, on or around November 15, 2019, Plaintiff was recognized by Debra Sukin, CEO at the Woodlands location, with a five (5) Year Anniversary certificate for years of dedication and service.

16. While employed at the Woodlands, Plaintiff witnessed issues concerning unsafe practices, dishonesty, and unfair treatment, and began making reports in good faith, to Human Resources, the Department Director, James Inderio ("Inderio"), Department Manager, Dominique Wilson ("Wilson") and Department Lead, Rhonda Smith ("Smith").

17. Plaintiff observed mistakes and safety violations made with patients who had implants.

18. Following Plaintiff's reports, she began experiencing discrimination and retaliation.

19. Plaintiff's work schedule was constantly changed, and she was called into a meetings with Inderio and HR after individuals involved in her safety complaints made complaints against her. She was under constant attack.

20. Plaintiff applied for leave under the FMLA due to the constant schedule changes, which affected her ability to attend medical appointments for her son's serious health condition.

21. Inderio, Wilson, and Smith, were all aware of Plaintiff's son's health condition.

22. After applying for FMLA, the Wilson sent Plaintiff an email requesting that she meet with him on a day she was off, to discuss why she filed for FMLA. Her leave was never granted.

23. Plaintiff, and at least three other female employees had several meetings with HR, concerning unfair treatment and safety violations. However, they were discouraged from addressing issues with the department Co-chair, Dr. Kocharian, and were told to report violations directly to management at their hospital.

24. After making reports, Inderio would call the women in to private meetings and would attempt to intimidate, and silence their reports by creating a hostile environment.

25. Human Resource representative, Micheal Smith and Inderio blamed the women who made reports for the departments hiring issues. The women were called "you girls", and were told that they were the reason why the department had a hard time hiring people because "[you] are hard to get along with" and "give the facility a bad reputation".

26. Plaintiff and another female safety officer, Anita Evans ("Evans"), who was also an MRSO, were expected to scan patients every forty-five (45) minutes all day, most of the time without a lunch break and still find time to clear implants. Both women asked for just a few hours a day away from the scanner to work on safety and their request was denied. Evans was terminated on or around February 2020. Following her termination, Plaintiff and the other women making reports about issues remained a target.

27. Plaintiff continued to escalate her concerns to Carole Hackett, Senior Vice President, Chief Human Resources Officer at Houston Methodist and Dr. Kocharian.

28. Dr. Kocharian also made a report to Carole Hackett and Dr. Bloom, and requested an investigation following reports of safety violations.

29. Plaintiff continued to experience discrimination and retaliation for making good faith reports to Defendants about violations of safety, retaliation, and unfair treatment; and she raised concerns when Evans was terminated after she also made reports of safety violations, and unfair treatment.

30. On or June of 2020, a patient with stints, was scheduled to be scanned. Plaintiff needed to confirm whether the stints could be scanned. Smith told Plaintiff the patient could be scanned because she had already gotten a physician to sign off. Plaintiff informed Smith that the stint required a model number to properly research to be sure it was scannable. Smith then reported Plaintiff to management accusing her of "going through patients charts, trying to get people in trouble."

31.     Additional safety violations were also committed by Stacy Moye ("Moye"), a nurse practitioner, who repeatedly attempted to bypass safety protocol, and attempted to rush technologists to scan patients.

32.     One safety protocol required a MRI Safety Questionnaire to ensure that patients could be property scanned without risking their safety.  The questionnaire was reviewed with by the patient or patient's representative and then signed by patient or patient's representative. The MRI technologist was supposed to be given additional time to review the document to be sure that patient can be safely scanned. This was to be done before bringing a patient into the room for a scan.

33.     On at least two occasions Moye completed the form herself.

34.     The first time she partially filled out the form, and signed her own name without speaking to the patient. When Plaintiff spoke directly with patient, she found out that patient had multiple surgeries that had not been properly documented on the safety questionnaire, one of which could have been a potential "heart stop". Plaintiff reported the violation to the Smith, and told her it was a safety issue that needed to be documented by a Patient Safety Network ("PSN"). Smith said she would take care of it.

35.     On or around August 14, 2020, Moye, filled out another safety questionnaire herself, and brought the patient into the department to be scanned without following the proper procedure.  After the patient was brought into the department, Smith instructed Plaintiff to get the safety sheet out of the "Tube" system. Upon retrieving the safety questionnaire

Plaintiff saw that it was again not properly completed, and again addressed the violation with Smith.

36. After Plaintiff reported the issue, Smith stated that she would call the patient's family. However, by that time patient was at the threshold door of the scanner. Plaintiff told the scanning technologist to stop, so that patient's safety would not be risked by an improper scan. The patient had an implantable device that had to be cleared. After having a prior experience of where the violation was reported to Smith, and nothing was done, Plaintiff documented the improper questionnaire. Shortly thereafter, she was placed on administrative leave.

37. On or around August 26, 2020, approximately twelve (12) days after she made her last safety report, Plaintiff was terminated.

## VI. CAUSE OF ACTION NO. 1:
**DISCRIMINATION DUE TO REPORTS OF VIOLATION OF LAW IN VIOLATION OF §161.134 of the HEALTH and SAFETY CODE**

38. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as is fully set forth herein.

39. Defendants intentionally engaged in unlawful employment practices involving Plaintiff due to her reports of actual and suspected violations of law under section §161.134 of the Health and Safety Code by subjecting unlawful discriminatory and retaliatory actions.

40. Defendants' actions violated section §161.134 of the Health and Safety Code.

## VII. CAUSE OF ACTION NO. 2:
## WRONGFUL TERMINATION DUE TO REPORTS OF VIOLATION OF LAW IN VIOLATION OF §161.134 of the HEALTH and SAFETY CODE

41. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

42. Defendants intentionally discriminated and wrongfully terminated Plaintiff due to her reports of violation of law under section §161.134 of the Health and Safety Code by subjecting her to unlawful discriminatory actions.

43. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's reports of violation of law.

44. Defendants' actions violated section §161.134 of the Health and Safety Code.

## VIII. CAUSE OF ACTION NO. 3:
## INTERFERENCE WITH PROTECTED LEAVE RIGHTS IN VIOLATION OF 29 U.S.C § 2615(a)(1) OF THE FAMILY MEDICAL LEAVE ACT

45. The Family Medical Leave Act makes it unlawful for any employer to interfere, restrain or deny the exercise of or the attempt to exercise, any right provided under [the] subchapter 29 U.S.C § 2615(a)(1).

46. Defendants is a covered employer, and Plaintiff worked the required twelve hundred fifty (1,250) hours in the previous twelve (12) months and is therefore a qualified employee

under the FMLA.

47. Plaintiff gave Defendants notice of her son's serious health condition, and submitted the necessary documents to support her need for leave.

48. Therefore her need leave from work to attend to her son's serious medical condition entitled Plaintiff to job protection under the FMLA. Defendants' action in response to Plaintiff's request were in direct violation of the FMLA.

## IX. CAUSE OF ACTION NO. 4:
## GENDER DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF TCHRA

49. Plaintiff, restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

50. Discrimination against an individual based gender is prohibited pursuant to TCHRA.

51. At all relevant times, Plaintiff, Olicia was qualified for the position she held during her employment with Defendant.

52. Defendant, by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff, Olicia, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's gender in violation of TCHRA.

## X. CAUSE OF ACTION NO. 5:
## GENDER DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

53. Plaintiff, restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

54. Discrimination against an individual based gender is prohibited pursuant to Title VII of the Civil Rights Act.

55. At all relevant times, Plaintiff, Olicia, was qualified for the position she held during her employment with Defendant.

56. Defendants, by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff, Olicia, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's gender in violation of Title VII.

## XI. CAUSE OF ACTION NO. 6:
## RETALIATION

57. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

58. Title VII, the TCHRA , and §161.134 of the Health and Safety Code, protects em-

ployees who engage in a protected activity, from retaliation by their employer.

59. Defendants intentionally and unlawfully retaliated against Plaintiff due to her conduct protected under the statues referenced above.

60. Plaintiff was subjected to an adverse employment action at the time, and after, the protected conduct occurred.

## XII. RESPONDEAT SUPERIOR AND RATIFICATION

61. Whenever in this complaint it is alleged that the Defendants, did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## XIII. DAMAGES

62. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

63. As a result of the unlawful discriminatory and retaliatory actions by Defendants, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred

other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## XIV.  JURY DEMAND

64. Plaintiff demands a trial by jury on all issues that can be tried to a jury.

## XV.  ATTORNEY'S FEES AND COSTS

65. To redress the injuries sustained by the Plaintiff on account of Defendants' action, Plaintiff has retained the undersigned counsel to represent her in this action.

66. Plaintiff therefore seeks recovery of her reasonable attorney fee's, and costs under Title VII, 42 U.S.C. §2000e-5(k), 9 U.S.C § 2617, and §161.134 of the Texas Health and Safety Code incurred in the prosecution of this matter; including reasonable attorney's fees in the event of appeal to the Court of Appeals and/or Supreme Court.

## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants awarding Plaintiff the following:

   a. Back pay, including but not limited to lost wages, overtime pay, and other employment benefits;

b. Front pay and benefits in lieu of reinstatement where reinstatement is not feasible;

c. Actual damages;

d. Compensatory damages;

e. Punitive damages;

f. Attorneys' fees, expert fees, and cost of suit;

g. Prejudgment and post-judgment interest, in the maximum amount allowed by law; and;

h. Such other and further relief, both general and special, at equity and in law, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Lisa Ventress
Lisa Ventress
Federal Bar No. 3471199
Texas Bar No. 24076751
The Ventress Firm, P.C.
17300 El Camino Real Ste. 110P
Houston, TX 77058
TEL. (832)240-4365
lisa@theventressfirm.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of July 2021, I served a copy of Plaintiff's Amended Original Petition to Counsel for Defendants through the Federal CM/ECF system.

Daniel Patton
SCOTT PATTON PC
(281) 377-3266
dpatton@scottpattonlaw.com
*Attorneys for Defendants*

Michael Twomey
SCOTT PATTON PC
(281) 377-3266
mtwomey@scottpattonlaw.com
*Attorneys for Defendants*

Brooke Jones
SCOTT PATTON PC
(281) 377-3266
jones@scottpattonlaw.com
*Attorneys for Defendants*

                                                       /s/Lisa Ventress
                                                       Lisa Ventress
                                                       Attorney for Plaintiff