IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA OLICIA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01184 |
| | § | |
| THE METHODIST HOSPITAL | § | |
| D/B/A THE METHODIST | § | |
| HOSPITAL SYSTEM, HOUSTON | § | |
| METHODIST THE WOODLANDS | § | |
| HOSPITAL, | § | |
| | § | |
| Defendants. | § | |

**THE METHODIST HOSPITAL D/B/A HOUSTON METHODIST HOSPITAL'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant The Methodist Hospital d/b/a Houston Methodist Hospital ("Defendant") files this First Amended Original Answer and Affirmative Defenses to Plaintiff Amanda Olicia's Amended Original Complaint [Dkt. No. 15] (the "Complaint"). As provided by Rule 8 of the Federal Rules of Civil Procedure, all allegations not expressly admitted herein are denied.

INTRODUCTION

1. Defendant admits this is an action brought under Texas Health and Safety Code § 161.134, the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, and the Family Medical Leave Act. Defendant denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

1

**PARTIES**

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint. Defendant is a Texas nonprofit corporation. Defendant is incorrectly identified in the Complaint as "The Methodist Hospital d/b/a The Methodist Hospital System." Defendant's correct name is The Methodist Hospital d/b/a Houston Methodist Hospital. Defendant was not and is not Plaintiff's employer.

**JURISDICTION AND VENUE**

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint. However, Defendant was not and is not Plaintiff's employer.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint. However, Defendant was not and is not Plaintiff's employer.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint. However, Defendant was not and is not Plaintiff's employer.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint. However, Defendant was not and is not Plaintiff's employer.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint. On June 21, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, only against Houston Methodist The Woodlands Hospital alleging Plaintiff was discriminated against based on her sex and retaliated against. Plaintiff did not

file any Charge of Discrimination against Defendant, and therefore has not exhausted her administrative remedies with respect to Defendant.

9. Defendant admits that Plaintiff filed this Complaint within ninety (90) days of receiving the Notice of Right to Sue, but denies that Plaintiff exhausted her administrative remedies with respect to Defendant.

**FACTS**

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint. Defendant was not and is not Plaintiff's employer.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. Defendant was not and is not Plaintiff's employer.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint because Defendant was not and is not Plaintiff's employer.

13. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint because Defendant was not and is not Plaintiff's employer.

14. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint because Defendant was not and is not Plaintiff's employer.

15. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint because Defendant was not and is not Plaintiff's employer.

16. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint because Defendant was not and is not Plaintiff's employer.

17. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint because Defendant was not and is not Plaintiff's employer.

18. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint because Defendant was not and is not Plaintiff's employer.

19. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint because Defendant was not and is not Plaintiff's employer.

20. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint because Defendant was not and is not Plaintiff's employer.

21. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint because Defendant was not and is not Plaintiff's employer.

22. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint because Defendant was not and is not Plaintiff's employer.

23. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint because Defendant was not and is not Plaintiff's employer.

24. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint because Defendant was not and is not Plaintiff's employer.

25. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Complaint because Defendant was not and is not Plaintiff's employer.

26. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of the Complaint because Defendant was not and is not Plaintiff's employer.

27. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint because Defendant was not and is not Plaintiff's employer.

28. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint because Defendant was not and is not Plaintiff's employer.

29. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint because Defendant was not and is not Plaintiff's employer.

30. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint because Defendant was not and is not Plaintiff's employer.

31. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of the Complaint because Defendant was not and is not Plaintiff's employer.

32. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of the Complaint because Defendant was not and is not Plaintiff's employer.

33. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33 of the Complaint because Defendant was not and is not Plaintiff's employer.

34. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 34 of the Complaint because Defendant was not and is not Plaintiff's employer.

35. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint because Defendant was not and is not Plaintiff's employer.

36. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36 of the Complaint because Defendant was not and is not Plaintiff's employer.

37. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37 of the Complaint because Defendant was not and is not Plaintiff's employer.

## CAUSES OF ACTION

**A. COUNT 1: DISCRIMINATION DUE TO REPORTS OF VIOLATION OF LAW IN VIOLATION OF §161.134 OF THE HEALTH AND SAFETY CODE**

38. Paragraph 38 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 the Complaint.

**B. COUNT 2: WRONGFUL TERMINATION DUE TO REPORTS OF VIOLATION OF LAW IN VIOLATION OF §161.134 OF THE HEALTH AND SAFETY CODE**

41. Paragraph 41 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**C. COUNT 3: INTERFERENCE WITH PROTECTED LEAVE RIGHTS IN VIOLATION OF 29 U.S.C. § 2615(a)(1) OF THE FAMILY MEDICAL LEAVE ACT**

45. Paragraph 45 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits that Defendant is a "covered" employer and that Plaintiff was eligible to apply for FML leave.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

D. **COUNT 4: GENDER DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF TCHRA**

49. Paragraph 59 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

E. **COUNT 5: GENDER DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

53. Paragraph 53 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

**F.     COUNT 6: RETALIATION**

57. Paragraph 57 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

**RESPONDEAT SUPERIOR AND RATIFICATION**

61. Paragraph 61 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 61 of the Complaint.

**DAMAGES**

62. Paragraph 62 does not contain any factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Defendant denies Plaintiff's allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

**JURY DEMAND**

64. Paragraph 64 does not contain any factual allegations, and therefore, no response is required.

**ATTORNEY'S FEES AND COSTS**

65. Defendant admits that Plaintiff has retained counsel to represent her in this action. Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

**DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES**

Subject to and without the foregoing, and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by Plaintiff, and in the alternative where necessary, Defendant submits the following:

67. Plaintiff has failed to state a claim upon which relief can be granted.

68. Defendant did not engage in any conduct that violated or could have been reasonably perceived as a violation of Chapter 161 of the Texas Health & Safety Code or any other statutory provision of the Texas Health & Safety Code, rule adopted under the Texas Health & Safety Code, or rule of any state agency.

69. Any decisions regarding the employment of Plaintiff, and the terms and conditions thereof, were made in a non-discriminatory, non-retaliatory manner, and for legitimate, non-discriminatory, non-retaliatory reasons. At all times relevant to this lawsuit, Defendant acted in good faith, without malice, and did not violate any provision of any applicable law, rule, regulation, or guideline. Further, Defendant had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any rule, rule, regulation, or guideline.

70. Plaintiff's claims are barred in whole or in part because Defendant is not liable because it was not Plaintiff's employer.

71. Plaintiff's claims are barred in whole or in part because the alleged conduct, if any, by Defendant was not the proximate cause of Plaintiff's damages.

72. Plaintiff's claims are barred in whole or in part by estoppel.

73. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

74. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with respect to Defendant.

75. Plaintiff's claims are barred because Defendant's alleged conduct would be privileged.

76. Defendant denies there is any legal or factual basis that permits Plaintiff to recover attorneys' fees from Defendant in this action.

77. Plaintiff is not entitled to compensatory damages on any of her claims because she has not suffered any mental or emotional harm caused by Defendant's alleged conduct.

78. Plaintiff's claims are barred in whole or in part because Plaintiff's damages were caused by one or more persons, including Plaintiff, for whom Defendant is not legally responsible.

79. Plaintiff may not recover damages as she failed to exercise reasonable efforts to mitigate her damages.

80. Defendant asserts Plaintiff's claims are barred, in whole or in part, to the extent she failed to properly preserve or assert her claims within the applicable statute of limitations or other applicable prescriptive periods.

81. Plaintiff did not make a report or any other protected activity as described in Texas Health & Safety Code § 161.134.

82. Plaintiff did not participate in any protected activity under the Texas Commission on Human Rights Act or Title VII of the Civil Rights Act of 1964.

83. Defendant pleads that Plaintiff's alleged damages are too speculative to allow recovery.

84. Defendant asserts an offset for any amounts received by Plaintiff since the occurrence of any alleged adverse employment action.

85. Defendant denies that any of its employees or agents engaged in any wrongdoing that might have resulted in injury to Plaintiff. However, even if such conduct did occur, said employees were not acting within the course and scope of their employment, and therefore, were not agents of Defendant.

86. Defendant reserves the right to add additional defenses or affirmative defenses as they become known through further investigation and/or discovery.

87. To the extent Plaintiff seeks punitive damages or exemplary damages, Defendant invokes its rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and affirmatively pleads that to award Plaintiff punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments inasmuch as:

    a. Punitive damages can be assessed in an amount left to the discretion of the jury and judge;

    b. In assessing such penalty or exemplary awards, a plaintiff must prove a defendant's conduct on a standard less than "beyond a reasonable doubt" as should be required in assessing punishment;

      c.      Any defendant who is subject to the award does not have the right to refuse to testify against itself, but must in fact take the witness stand and/or give deposition testimony or subject itself to the consequences of a default judgment; and

      d.      The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and therefore permits punishment based upon undefined standards in violation of a defendant's rights to due process.

88. Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory or retaliatory conduct would be contrary to Defendant's anti-discrimination and anti-retaliation policies, programs, and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

89. To the extent any of Defendant's managers or supervisors are found to have acted with malice or reckless indifference to Plaintiff's rights, that manager or supervisor acted contrary to Defendant's good-faith efforts to comply with federal laws. Accordingly, Plaintiff is not entitled to recover punitive or liquidated damages.

90. Plaintiff may not recover any damages or pursue any claim based on conduct outside the scope of Plaintiff's underlying EEOC Charge of Discrimination.

91. If Defendant prevails, Defendant seeks recovery of its attorneys' fees and costs incurred in defending this action.

92. Plaintiff's recovery in this matter, if any, must be limited by applicable statutory damages caps and limitations on damages.

## RIGHT TO AMEND

93. Defendant reserves the right to add additional defenses or affirmative defenses as they become known through further investigation and/or discovery.

## PRAYER FOR RELIEF

For these reasons, Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs and attorneys' fees against Plaintiff; and award Defendant all other further relief the Court deems appropriate.

Respectfully submitted,

**SCOTT PATTON PC**

By: */s/ Daniel Patton*
Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
*dpatton@scottpattonlaw.com*

ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Michael Twomey
Federal Bar No. 608043
Texas Bar No. 24070776
*mtwomey@scottpattonlaw.com*
Brooke Jones
Federal Bar No. 3342076
Texas Bar No. 24107537
*bjones@scottpattonlaw.com*
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

## CERTIFICATE OF SERVICE

I certify that on September 24, 2021, a true and correct copy of *Defendant's First Amended Original Answer and Affirmative Defenses* was served on all counsel of record by the Court's ECF filing system.

                                               */s/ Daniel Patton*
                                               Daniel Patton